UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUDRAIN JONES, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-91-JD-MGG |
| JOHN GALIPEAU, et al., | |
| Defendants. | |

OPINION AND ORDER

Audrain Jones, a prisoner without a lawyer, filed a complaint against Warden John Galipeau, Deputy Warden Mr. Gann, Lieutenant Mr. Critten, and Captain Mr. Lewis. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jones has been housed in the maximum security unit at Westville Correctional Facility since July 2, 2021. He alleges that the water available to him for hygiene and drinking is unsafe, rusted, brown, and contaminated. Jones believes the water has caused a host of severe medical problems: daily vomiting, diarrhea, severe headaches, stomach and abdominal burning, bloody stools, and hives. He also claims the water has

discolored his skin and teeth. Jones has filed grievances about the water. In response, he was told that the water is tested every day. He has written to each of the defendants about the condition of the water. In December 2021, Jones spoke with Deputy Warden Gann, Lieutenant Critton, and Warden Galipeau personally about the condition of his water. Deputy Warden Gann and Lieutenant Critton said they would look into the matter, but Jones does not believe they followed through. Warden Galipeau looked at the water coming from Jones' faucet on one occasion and told him there was nothing wrong with the water. Jones explains, however, that the water is not always brown; the problem occurs periodically. Jones seeks both monetary damages and injunctive relief in the form of rust-free water.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must

show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted).

While Jones' concern about drinking brown, rusty, water is understandable, "[t]here are no recognized side effects of drinking rusty water." https://www.reference.com/health/side-effects-drinking-rusty-water-728e5297a7bda2ed (last visited March 2, 2022). "There are no enforceable federal limits on the amount of rust in drinking water." *Id.* Rusty water from galvanized steel pipes "could be a health concern for someone who has an iron loading disorder." https://mailchi.mp/irondisorders/hemochromatosis-and-plasma-donation-3517998 (last visited March 2, 2022). Jones' belief that his medical concerns are caused by consuming rusty water appear to be based on mere speculation. Jones does not allege that he has a medical condition that would cause rusty water to be a health concern for him. Even if Jones had alleged that he suffers from such a condition, he has not alleged that any of the defendants knew of that condition. Therefore, it is not plausible to infer that any defendant knew Jones was at serious risk of being harmed from rusty water and decided not to do anything to prevent that harm.

This complaint does not state a claim for which relief can be granted. Nevertheless, Jones may file an amended complaint if, after reviewing this order, he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Audrain Jones until **March 31, 2022**, to file an amended complaint; and

(2) CAUTIONS Audrain Jones if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 2, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT